UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL PIZZA,<br><br>    Plaintiff,<br><br>    v.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.<br><br>    Defendant. | Case No. 13-cv-0688 MMC (NC)<br><br>**ORDER ENFORCING SETTLEMENT AGREEMENT**<br><br>**TEMPORARILY UNDER SEAL** |

Plaintiff Daniel Pizza seeks to enforce the terms of a settlement agreement that resolved an employment dispute with his former employer, FINRA. The Court finds that FINRA has not complied with the payment term of the settlement and orders FINRA to remedy the deficiency by March 27, 2015.

**I.     BACKGROUND**

On August 20, 2014, five days before the scheduled trial, the parties settled their dispute in a confidential settlement. The trial judge, Senior District Court Judge Maxine M. Chesney, promptly dismissed the case. Dkt. No. 87.

Under the terms of the settlement agreement, the parties consented to the jurisdiction of the undersigned magistrate judge (the "settlement judge") for purposes of settlement enforcement. In December 2014, the parties submitted their present dispute, held a joint

call with the settlement judge, and submitted competing letter briefs. The settlement agreement, the briefs, and subsequent ex parte emails received from Mr. Pizza will be filed under seal. This order resolves the dispute.

The disputed term is the payment term: "Defendant pay $53,000 to plaintiff, through counsel, within 28 days." The settlement agreement is silent as to the tax consequences of the settlement payment. It is also silent as to how the money might be allocated among different disputed claims (such as attorneys' fees, costs, wages, non-wages). And it is silent as to whether the parties contemplated any tax withholding from the payment.

It is undisputed that FINRA did not pay the settlement amount to Pizza within 28 days of the settlement. Rather, on December 3, 2014, FINRA paid Pizza an amount less than the settlement amount [$38,348.75], after making payroll deductions, including withholding income taxes [total of deductions = $14,651.25]. Pizza asserts that these deductions breached the settlement agreement.

FINRA, on the other hand, asserts that under federal tax laws it must treat the settlement payment as wages and make appropriate withholdings. FINRA asserts that it complied with the settlement agreement in that its gross payment (payment plus withholdings) is the settlement amount. FINRA contends that the settlement agreement should not be interpreted in a way that would cause it to violate tax regulations.

## II.   ANALYSIS

### A.  Applicable Law

Settlement agreements are designed to end litigation, not create it. *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994). The Court therefore "has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it." *Id.* (citations omitted). A motion to enforce a settlement agreement "essentially is an action to specifically enforce a contract." *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989). Generally speaking, the Court's enforcement powers include authority to award damages and specific performance. *T.N.T. Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986).

A preliminary question is which law applies to enforce the settlement. The agreement is silent on this subject. Because the parties entered into the settlement in California and much of the performance will be in California, the Court will apply California substantive law. Cal. Civ. Code § 1646.

Under California law, the elements of a breach of contract are: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Universal Green Solutions, LLC v. VII Pac Shores Investors, LLC*, No. 12-cv-5613 RMW, 2014 U.S. Dist. LEXIS 67215, *5 (N.D. Cal. May 15, 2014). "The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties." *Id.* (citations omitted). "Such intent is to be inferred, if possible, solely from the written provisions of the contract." *Id.* (citations omitted). "If contractual language is clear and explicit, it governs." *Id.* (citations omitted).

### B. Analysis of Settlement Agreement

In order to best effectuate the intention of the parties in settling the case, the Court aims to give both parties the benefit of their bargain. *See Facebook., Inc. v. Pacific Northwest Software, Inc.*, 640 F.3d 1034, 1038 (9th Cir. 2011) (enforcing settlement agreement). Here, FINRA promised to pay a specific amount of money to Pizza and Pizza expected to be paid that specific amount of money. FINRA would like to add certain tax regulations and interpretations into the settlement terms, but those regulations and interpretations were not part of the deal. The Court therefore orders FINRA to pay Pizza $14,651.25 (the amount withheld from the initial settlement payment) by March 27, 2015, so that the total amount paid will be the settlement amount, $53,000. FINRA also must provide timely and accurate amendment of any information it supplied to tax authorities.

It is not correct, as FINRA now asserts, that Pizza is seeking a "tax free" payment. To be clear, the Court is not ordering that the settlement amount will be "tax free." Pizza and FINRA each have tax obligations that may arise from the settlement payment. The IRS is not a party to this case and the Court is not ruling on how it may treat this settlement from a tax perspective.

## III. TEMPORARILY UNDER SEAL

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Therefore, a party must normally demonstrate "compelling reasons" to seal judicial records attached to a dispositive motion. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). When a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *see also* Fed. R. Civ. P. 26(c). "[T]he party seeking protection bears the burden of showing specific prejudice or harm will result," *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), and that party must make a "particularized showing . . . with respect to any individual document," *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. In'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Requests to file under seal must be "narrowly tailored," and "[a] sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b).

In this case, the settlement agreement is confidential and the parties may prefer that this order discussing the settlement terms remain under seal. Given the presumption of public access, however, the Court intends to make this order public, but will redact the settlement amount and amount due. The Court has addressed the parties' interest in confidentiality by narrowly discussing the particular provisions of the settlement and redacting the settlement amount. The Court will also permit the parties a narrow window (by March 25, 2015, noon) in which to file a motion to seal all or part of this order. This order will be filed under seal and will remain under seal until at least March 25 at noon, or until further order of the Court.

Case No. 13-cv-0688 MMC (NC)
ORDER ENFORCING SETTLEMENT          4

## IV. CONCLUSION

Pizza's motion for enforcement of the settlement is granted and FINRA is ordered to pay the balance due under the settlement agreement by March 27, 2015. This Court retains jurisdiction over settlement enforcement and may issue further orders in order to effectuate the settlement and do justice.

If either party desires a judgment so that an appeal of this order may be made to the Ninth Circuit under 28 U.S.C. § 636(c), it must file a proposed judgment by March 30, 2015. Barring an appeal, this litigation has come to its end.

IT IS SO ORDERED.

Date: March 19, 2015

Nathanael M. Cousins
United States Magistrate Judge